IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEWAYNE WILLIAMS and ERICA WILLIAMS, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civ. Action No. 13-441-GMS ) |
| MARYLAND CIRCUIT COURT, et al., | ) ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiffs, Dewayne ("Dewayne") and Erica ("Erica") Williams ("the plaintiffs"),

filed this lawsuit on March 18, 2013. (D.I. 2.) They appear *pro se* and were granted permission

to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 6.) The court now proceeds to

review and screen the complaint pursuant to 28 U.S.C. § 1915.

## I. BACKGROUND

Erica was a life-long resident of the State of Delaware until she moved to Maryland.

While there, she and two of her children were sexually assaulted. At that time, they had resided

in Maryland for four and one-half months. Erica and her children returned to Delaware for their

safety. Two months later, the Somerset County Department of Social Services for the State of

Maryland ("DSS") removed the children from the State of Delaware and placed them in foster

care in Somerset County, Maryland.

The plaintiffs allege the assailants reside in Somerset County and that they have

threatened them. The plaintiffs further allege that their children are in harms way, but the DSS

and the Somerset County Police Department refuse to take any action to remedy the situation.

The plaintiffs seek injunctive relief in the form of a warrant to remove the children from temporary foster care in Maryland and to allow the children to return home.

Subsequent to filing the complaint, the plaintiffs filed three motions for injunctive relief.[1] (D.I. 7, 8, 9.) Therein, the plaintiffs move the court to: (1) enter an order to release the children to them (D.I. 7); (2) enter an order excusing them from all Maryland Circuit Court hearings and/or proceedings (D.I. 8); and (3) include new information (D.I. 9).

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* and actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because the plaintiffs proceed *pro se*, their pleading is liberally construed and their complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v.*

---

[1] The motions, dated March 27, 2013, were not postmarked until April 11, 2013. They were filed on April 12, 2013.

*Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080,
1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's
pen and refused to give it back).

      The legal standard for dismissing a complaint for failure to state a claim pursuant to
§ 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions.
*Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6)
standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).  However, before
dismissing a complaint or claims for failure to state a claim upon which relief may be granted
pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant the plaintiffs leave
to amend their complaint unless amendment would be inequitable or futile. *See Grayson v.
Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

      A well-pleaded complaint must contain more than mere labels and conclusions. *See
Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  The
assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the
elements of a cause of action supported by mere conclusory statements." *Id.* at 678.  When
determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v.
UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  First, the factual and legal elements of a
claim are separated. *Id.*  The court must accept all of the complaint's well-pleaded facts as true,
but may disregard any legal conclusions. *Id.* at 210-11.  Second, the court must determine
whether the facts alleged in the complaint are sufficient to show that the plaintiffs have a

"plausible claim for relief."[2]  *Id.* at 211.  In other words, the complaint must do more than allege

the plaintiffs' entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.*

"[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of

misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to

relief." *Iqbal*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

### A. Due Process

Liberally construing the complaint, as the court must, it appears that the plaintiffs raise

cognizable claims pursuant to 42 U.S.C. § 1983[3] against the defendants Jamie Cougler

("Cougler"), Heather Ruark ("Ruark"), and Jennifer Goolie ("Goolie")[4] for violations of their

right to due process.[5]  Parents have a fundamental liberty interest in the care, custody and

management of their children, which must be balanced against the State's interest in protecting

children suspected of being abused. *Miller v. City of Philadelphia*, 174 F.3d 368, 373, 374 (3d

---

[2]A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

[3]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

[4]At this juncture, the court is unable to discern if prosecutorial immunity attaches to Goolie. *See Odd v. Malone*, 538 F.3d 202, 208 (3d Cir. 2008).

[5]The court considers all the filings by the *pro se* plaintiffs in allowing them to proceed against Cougler, Ruark, and Goolie

4

Cir. 1999). *See also Santosky v. Kramer*, 455 U.S. 745, 753 (1982).  When it comes to a social worker's interference with the parent-child relationship, only conduct that is so arbitrary as to shock the conscience may be considered violative of a parent's substantive due process rights. *See Miller*, 174 F.3d at 375-76 ("culpability for substantive due process purposes must exceed both negligence and deliberate indifference, and reach a level of gross negligence or arbitrariness that indeed "shocks the conscience.").

### B. Eleventh Amendment

The plaintiffs name as a defendant the Circuit Court for Somerset County, Maryland.  The Eleventh Amendment proscribes actions in the federal courts against states and their agencies. *Laskaris v. Thornburgh*, 661 F.2d 23 (3d Cir. 1981); *Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977).  "Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it . . . a State cannot be sued directly in its own name regardless of the relief sought." *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)).

It is well-settled that a circuit court is an arm of the state and that Maryland has not waived its Eleventh Amendment immunity.  *See Alexander v. District Court of Maryland for Charles Cnty.*, 2008 WL 6124449, at *7 (D. Md. Mar. 20, 2008).  Accordingly, the claims against the Maryland Circuit Court of Somerset County will be dismissed based upon its Eleventh Amendment immunity pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

### C. Judicial Immunity

The plaintiffs name as defendants Maryland judicial officers Judge Brian Shockley

("Judge Shockley") and Master Robert Laird ("Master Laird").[6]  Under Third Circuit law, "[a]

judicial officer in the performance of his duties has absolute immunity from suit and will not be

liable for his judicial acts." *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184

(3d Cir. 2009) (quoting *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir.  2006)).  "A judge will not

be deprived of immunity because the action he took was in error, was done maliciously, or was in

excess of his authority; rather, he will be subject to liability only when he has acted 'in the clear

absence of all jurisdiction.'".  *Id.* (citations omitted).

 The Fourth Circuit, where the defendant judicial officers sit, has stated the following

when discussing the doctrine of absolute immunity:

> The absolute immunity from suit for alleged deprivation of rights enjoyed by
> judges is matchless in its protection of judicial power.  It shields judges even
> against allegations of malice or corruption . . . .  The rules is tolerated, not because
> corrupt or malicious judges should be immune from suit, but only because it is
> recognized that judicial officers in whom discretion is entrusted must be able to
> exercise discretion vigorously and effectively, without apprehension that they will
> be subjected to burdensome and vexatious litigation.

*McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972) (citations omitted), *overruled on other*

*grounds*, *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995).  *See also*, *Chu v. Griffith*, 771 F.2d 79,

81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for

damages arising out of his judicial actions.")

 In addition, § 1983 provides that "injunctive relief shall not be granted" in an action

brought against a judicial official for an act or omission taken in such officer's judicial capacity .

. . unless a declaratory decree was violated or declaratory relief was unavailable." *See Azubuko*

---

[6]Master Laird is a judicial officer. *See Porter v. Montgomery Cnty. Gov't*, 2005 WL
4014093, at *2 n.5 (D. Md. Mar. 15, 2005) (The court observed that judges and masters are
immune from damage liability for their judicial acts.).

*v. Royal*, 443 F.3d at 304 (citing 42 U.S.C. § 1983). Section 1983 recognizes that declaratory relief is available in some circumstances, but limits the availability of injunctive relief to circumstances in which declaratory relief is unavailable or inadequate. *See Brandon E. ex rel. Listenbee v. Reynolds*, 201 F.3d 194, 197-98 (3d Cir. 2000). Declaratory judgment is inappropriate solely to adjudicate past conduct. *Gruntal & Co., Inc., v. Steinberg*, 837 F.Supp. 85, 89 (D.N.J. 1993). In addition, declaratory relief will not issue where the litigant "is not seeking declaratory relief in the true legal sense ." *Corliss v. O'Brien*, 200 F. App'x 80, 84-85 (3d Cir. 2006) (unpublished).

Other than to name the defendant judicial officers, the complaint contains no allegations directed towards them. Nor does the complaint contain facts to show that the judicial officers acted in the absence of jurisdiction. In absence of facts that would support application of some exception to the doctrine of judicial immunity, the allegations against Judge Shockley and Master Laird fail to state a claim against them upon which relief may be granted. In addition, to the extent that plaintiffs seek injunctive relief, the claims are barred by judicial immunity because there are no allegations that a declaratory decree has been violated or declaratory relief is unavailable. Finally, the plaintiffs failed to plead a legally cognizable claim for declaratory relief.

For the above reasons, pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) the court will dismiss all claims against Judge Shockley and Master Laird as they are immune from suit.

**D. Personal Involvement**

The plaintiffs name as defendants Somerset County police officers Robert Wink ("Wink"), R. Pinchak ("Pinchak"), and Candice Smith ("Smith"). While not clear, it appears that

7

the plaintiffs allege that Wink and Pinchak were involved in the release of the alleged assailants. Court records reveal that Wink and Pinchak are listed as the police officers for the case. (*See* D.I. 3.) On November 21, 2012, the criminal cases were nolle prossed in court. A nolle prosequi is the "usual method" by which a prosecutor formally abandons criminal proceedings against a defendant. *See Donahue v. Gavin*, 280 F.3d 371, 383 (3d Cir. 2002). There is no mention of Smith in the complaint other than to name her as a defendant.

A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980); *Hall v. Pennsylvania State Police*, 570 F.2d 86, 89 (3d Cir. 1978)). Here, there are no allegations in the complaint directed towards Wink, Pinchak, or Smith. Moreover, the claims are frivolous to the extent that the plaintiffs blame the police officers for dismissal of the criminal cases.

Therefore, the court will dismiss the claims against Wink, Pinchak, and Smith as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**E. Motions for Injunctive Relief**

The plaintiffs have filed three motions (D.I. 7, 8, 9) for injunctive relief. The court will order the remaining defendants to respond to the motion that seeks an order to release the children to them (D.I. 7). The court will deny the motion for injunctive relief that seeks an order excusing them from all Maryland Circuit Court hearings and/or proceedings (D.I. 8). This court has no authority to excuse the plaintiffs from attending hearings and/or proceedings in the Maryland Circuit Court. Finally, the court construes the motion to include new information (D.I. 9) as an addendum to the complaint and, therefore, will deny the motion as moot.

**F. Request for Counsel**

The plaintiffs request counsel (D.I. 5) on the grounds that they are in poor health, they are

the victims of discrimination, and the case involves a serious safety risk for the plaintiffs and

their children.  A pro se litigant proceeding in forma pauperis has no constitutional or statutory

right to representation by counsel.[7]  *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011);

*Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993).  Representation by counsel may be appropriate

under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and

law.  *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the court should consider a number of factors when

assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues; (3) the degree
> to which factual investigation will be necessary and the ability
> of the plaintiff to pursue investigation; (4) the plaintiff's capacity
> to retain counsel on his own behalf; (5) the extent to which a
> case is likely to turn on credibility determinations; and
> (6) whether the case will require testimony from expert witnesses.

*See Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-57.  The

list is not exhaustive, nor is any one factor determinative.  *Tabron*, 6 F.3d at 157.

After reviewing the plaintiffs' request, the court concludes that the case is not so factually

or legally complex that representation by an attorney is warranted.  To date, the filings in this

case demonstrate the plaintiffs' ability to articulate their claims and represent themselves.

Moreover, this case is in its early stages.  Thus, in these circumstances, the court denies without

---

[7]*See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989)
(§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney
to represent an indigent civil litigant, the operative word in the statute being "request.").

prejudice to renew the plaintiffs' request for counsel. (D.I. 5.) Should the need for counsel arise later, the issue can be addressed at that time.

## IV. CONCLUSION

For the above reasons, the court will dismiss the claims against the Circuit Court for Somerset County, Maryland; Judge Shockley; and Master Laird as they are immune from suit, and the claims against Wink, Pinchak, and Smith as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). The plaintiffs may proceed against the remaining defendants Cougler, Ruark, and Goolie. In addition, the court will order the remaining defendants to respond to the motion for injunctive relief to release the children to the plaintiffs (D.I. 7). The court will deny the motion to excuse the plaintiffs from attending hearings and/or proceedings in the Maryland Circuit Court (D.I. 8). The court construes the motion to enter new information (D.I. 9) as an addendum to the complaint and will deny the motion as moot. Finally, the court will deny the request for counsel (D.I. 5) without prejudice to renew.

An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

May 3 , 2013
Wilmington, Delaware

10