IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEWAYNE WILLIAMS and ERICA WILLIAMS,<br><br>        Plaintiffs,<br><br>    v.<br><br>BRIAN SHOCKLEY, et al.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>) Civ. Action No. 13-441-GMS<br>)<br>)<br>)<br>) |

**MEMORANDUM**

The plaintiffs Dewayne ("Dewayne") and Erica ("Erica") Williams ("the plaintiffs"), filed this lawsuit on March 18, 2013. (D.I. 2.) They appear *pro se* and were granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 6.) The court screened and reviewed the original complaint pursuant to 28 U.S.C. § 1915. Prior to service, the plaintiffs filed an amended complaint on July 11, 2013.[1] (D.I. 16.) The court now proceeds to screen and review the amended complaint.

## I. BACKGROUND

The amended complaint is similar to the original complaint. It reinstates dismissed defendants, adds as a defendant Maryland Circuit Court Judge Daniel Long ("Judge Long"), and provides additional facts to the claims raised against the defendants. The court's May 8, 2013 order sets forth the essence of the case which concerns the sexual assault of Erica, the removal of the plaintiffs' children from the State of Delaware by the Somerset County Department of Social

---

[1] The service order provides that "[w]hen an amended complaint is filed prior to service, the court will VACATE all previous service orders entered, and service will not take place. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2)." (D.I. 11, ¶ 6 at 4.)

Services for the State of Maryland ("DSS"), and the children's placement in foster care in Somerset County, Maryland. The plaintiffs further allege that their children are in harms way, but the DSS and the Somerset County Police Department refuse to take any action to remedy the situation. The plaintiffs seek injunctive relief in the form of a warrant to remove the children from temporary foster care in Maryland and to allow the children to return home. Also before the court are the plaintiffs' motions for injunctive relief (D.I. 7, 14) and motion to seal the case (D.I. 13).

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* and actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because the plaintiffs proceed *pro se*, their pleading is liberally construed and their complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080,

1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant the plaintiffs leave to amend their complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 678. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiffs have a "plausible claim for relief."[2] *Id.* at 211. In other words, the complaint must do more than allege

---

[2] A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer

the plaintiffs' entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

### A. Due Process

As with the original complaint, the amended complaint is liberally construed. Once again, it appears that the plaintiffs raise cognizable claims pursuant to 42 U.S.C. § 1983[3] against the defendants Jamie Cougler ("Cougler"), Heather Ruark ("Ruark"), and Jennifer Goolie ("Goolie") for violations of their right to due process.

### B. Judicial Immunity

The plaintiffs name as defendants Maryland judicial officers Judge Brian Shockley ("Judge Shockley"), Judge Long, and Master Robert Laird ("Master Laird").[4] Under Third Circuit law, "[a] judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) (quoting *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006)).

---

possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Id.*

[3]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

[4]Master Laird is a judicial officer. *See Porter v. Montgomery Cnty. Gov't*, 2005 WL 4014093, at *2 n.5 (D. Md. Mar. 15, 2005) (The court observed that judges and masters are immune from damage liability for their judicial acts.).

"A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted 'in the clear absence of all jurisdiction.'". *Id.* (citations omitted).

The Fourth Circuit, where the defendant judicial officers sit, has stated the following when discussing the doctrine of absolute immunity:

> The absolute immunity from suit for alleged deprivation of rights enjoyed by judges is matchless in its protection of judicial power. It shields judges even against allegations of malice or corruption . . . . The rules is tolerated, not because corrupt or malicious judges should be immune from suit, but only because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.

*McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972) (citations omitted), *overruled on other grounds*, *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995). *See also, Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions.")

In addition, § 1983 provides that "injunctive relief shall not be granted" in an action brought against a judicial official for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." *See Azubuko v. Royal*, 443 F.3d at 304 (citing 42 U.S.C. § 1983). Section 1983 recognizes that declaratory relief is available in some circumstances, but limits the availability of injunctive relief to circumstances in which declaratory relief is unavailable or inadequate. *See Brandon E. ex rel. Listenbee v. Reynolds*, 201 F.3d 194, 197-98 (3d Cir. 2000). Declaratory judgment is inappropriate solely to adjudicate past conduct. *Gruntal & Co., Inc., v. Steinberg*, 837 F. Supp. 85, 89 (D.N.J. 1993). In addition, declaratory relief will not issue where the litigant "is not

seeking declaratory relief in the true legal sense ." *Corliss v. O'Brien*, 200 F. App'x 80, 84-85 (3d Cir. 2006) (unpublished).

The plaintiffs complained to the judicial officers regarding the handling of the child abuse and neglect case and the acts of the DSS. In addition, they take exception to judicial rulings by the judicial officers. The complaint does not contain facts to show that the judicial officers acted in the absence of jurisdiction. In absence of facts that would support application of some exception to the doctrine of judicial immunity, the allegations against Judge Shockley, Judge Long, and Master Laird fail to state a claim against them upon which relief may be granted. In addition, to the extent that plaintiffs seek injunctive relief, the claims are barred by judicial immunity because there are no allegations that a declaratory decree has been violated or declaratory relief is unavailable. Finally, the plaintiffs failed to plead a legally cognizable claim for declaratory relief.

For the above reasons, pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) the court will dismiss all claims against Judge Shockley, Judge Long, and Master Laird as they are immune from suit.

### C. Criminal Matters

The plaintiffs allege that the defendants Somerset County, Maryland police officers Robert Wink ("Wink"), R. Pinchak ("Pinchak"), and Princess Anne, Maryland police officer Candice Smith ("Smith") were involved in the criminal case of Erica's alleged assailants. On November 21, 2012, the criminal cases were nolle prossed in court.[5]

The plaintiffs alleges that Wink and Pinchak violated the law when they withheld

---

[5] A nolle prosequi is the "usual method" by which a prosecutor formally abandons criminal proceedings against a defendant. *See Donahue v. Gavin*, 280 F.3d 371, 383 (3d Cir. 2002).

evidence from the court and they helped the criminals escape by withholding that evidence because the alleged assailants were released due to lack of evidence. Erica alleges their release violated her civil rights and those of her children.

There is no mention of Smith in the complaint other than to name her as a defendant. A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980); *Hall v. Pennsylvania State Police*, 570 F.2d 86, 89 (3d Cir. 1978)).

To the extent that the plaintiffs attempt to raise criminal claims against officers Wink and Pinchak, the claims fail. The decision of whether to prosecute, and what criminal charges to bring, generally rests with the prosecutor. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979). To the extent the plaintiffs complain that the criminal matters were dismissed, the claims also fail. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *accord Capogrosso v. The Supreme Court of New Jersey*, 580 F.3d 180, 185 (3d Cir. 2009); *Fulson v. City of Columbus*, 801 F. Supp. 1, 6 (S.D. Ohio 1992) ("Thus, courts have generally declined to recognize standing on the part of victims of crimes to bring a § 1983 action based upon lack of prosecution of others.").

Accordingly, the court will dismiss the claims against Wink, Pinchak, and Smith as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

### D. Motions for Injunctive Relief

Pending are two motions (D.I. 7, 14) for injunctive relief. The court will order the

remaining defendants to respond to the motions that seek an order to release the children to the plaintiffs.

### E. Motion to Seal

The plaintiffs move to seal all information filed in this case and further request that, due to privacy concerns, sealed material be released only to counsel and not to the actual defendant. (D.I. 13.) The request is overly broad and will be denied. Should the plaintiffs seek to seal a particular document or exhibit, they shall file a motion to seal that item. The court will not curtail the release of sealed documents to the defendants. The plaintiffs filed this lawsuit and the defendants are entitled to have access to all filings by the plaintiffs.

## IV. CONCLUSION

For the above reasons, the court will dismiss the claims against Judge Shockley, Judge Long, and Master Laird as they are immune from suit, and the claims against Wink, Pinchak, and Smith as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). The plaintiffs may proceed against the remaining defendants Cougler, Ruark, and Goolie. In addition, the court will order the remaining defendants to respond to the motions for injunctive relief to release the children to the plaintiffs (D.I. 7, 14), and will deny the motion to seal (D.I. 13).

An appropriate order will be entered.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

July 19, 2013
Wilmington, Delaware

8