IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEWAYNE WILLIAMS and ERICA WILLIAMS, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Civ. Action No. 13-441-GMS ) |
| BRIAN SHOCKLEY, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM**

## I. INTRODUCTION

The plaintiffs Dewayne ("Dewayne") and Erica ("Erica") Williams ("the plaintiffs"), filed this lawsuit on March 18, 2013. (D.I. 2.) They appear *pro se* and were granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 6.) Pending before the court are the plaintiffs' emergency motions for injunctive relief for the return of their children. (D.I. 7, 14.) For the reasons that follow, the court will: (1) deny as moot the motions for injunctive relief; (2) abstain from this matter based upon the *Younger* abstention doctrine; and (3) dismiss the complaint.

## II. PROCEDURAL AND FACTUAL BACKGROUND

This case involves the removal of the plaintiffs' children from the State of Delaware by the Somerset County Department of Social Services for the State of Maryland ("DSS"), and the children's placement in foster care in Somerset County, Maryland. The court screened the complaint and its amendment and allowed the plaintiffs to proceed on due process claims against the defendants Jamie Cougler ("Cougler"), Heather Ruark ("Ruark"), and Jennifer Goolie ("Goolie"). Shortly after filing the original complaint, the plaintiffs filed an emergency motion

for injunctive relief for the immediate return of their children. (D.I. 7.) The plaintiffs seek injunctive relief in the form of a warrant to remove the children from temporary foster care in Maryland and to allow the children to return to Delaware. The plaintiffs later amended the motion. (D.I. 14.) When the court screened the complaint and amended complaint, it ordered the served defendants to respond to the emergency motions for injunctive relief. (*See* D.I. 11, 18.) The defendants file their opposition to the motions on August 29, 2013. (D.I. 24.)

The plaintiffs and their children resided in Maryland. In either September or October 2010 they moved to Delaware. The plaintiffs currently reside in Delaware. The minor children are currently under the care and custody of the State of Maryland pursuant to orders issued in child in need of assistance actions.[1] (*See* D.I. 24, exs. 1-3.) On August 28, 2012, the Somerset County Department of Social Services ("SDSS") filed Child in need of assistance petitions in juvenile court regarding the minor children. (*Id.* at ex. 3.) Thereafter, the SDSS began trying to locate the children for the purposes of placing them in shelter care. (*Id.* at ex. 2 at 6.) With the assistance of the Delaware authorities, the MDJS located the family and, on October 11, 2012, three of minor children were accepted into shelter care in Maryland. (D.I. 24 at 3; D.I. 24 ex. 2 at 6.) On October 16, 2012, the three children were placed in the temporary care and custody of the

---

[1] A child in need of assistance means a "child who requires court intervention because: (1) The child has been abused, has been neglected, has a developmental disability, or has a mental disorder; and (2) The child's parents, guardian, or custodian are unable or unwilling to give proper care and attention to the child and the child's needs." *Department of Human Resources v. Cosby*, 24 A.3d 199, 201 n.2 (Md. 2011) (citing Md. Code (1974, 2006 Repl. Vol.), § 3-801(f) of the Courts and Judicial Proceedings Article).

2

SDSS. (D.I. 24 exs. 1, 2.) A fourth child was committed to custody of the Maryland Department of Juvenile Services ("MDJS"). (*Id.* at ex. 4.)

Contested child in need of assistance adjudication and disposition hearings were held on December 20, 2012, January 25, 2013, and February 1, 2013. (*Id.* at ex. 3 at 19-20.) During the hearing, counsel for the parents moved to have the case transferred to the State of Delaware. (*Id.* at 20.) The court reserved ruling on the issue and ordered the SDSS to provide a plan as to how it would make reasonable efforts for reunification with the parents in Delaware. In addition, the parties were to prepare arguments on a motion to transfer to Delaware or to a close county in Maryland. (*Id.*) The court found that the children were in need of assistance and recommended commitment to the SDSS's custody for continued foster care placement. (*Id.*) The parents filed exceptions to the findings and requested a de novo hearing. (D.I. 24 ex. 3 at 21.) On June 19, 2013, the juvenile court in the Circuit Court for Somerset County in the State of Maryland issued an order that determined the children were in need of assistance and committed them to the SDSS. (D.I. 24 ex. 2.) The parents were ordered to comply with the Interstate Compact for the Placement of Children ("ICPC"), an interstate compact that facilitates the placement of children across state lines.[2] (D.I. 24 ex. 2; 31 Del. C. §§ 381-389; Md. Code, Family Law, §§ 5-601-5-611. Dewayne, but not Erica, appealed the order on June 19, 2013. (D.I. 24 ex. 3 at 27.)

---

[2]The ICPC "extend[s] the jurisdictional reach of a party state into the borders of another party state for the purpose of investigating a proposed placement and supervising a placement once it has been made." *In re Adoption No. 10087*, 597 A.2d 456, 461 (Md. 1991).

## III. DISCUSSION

The plaintiffs seek the return of their minor children who are under the care and custody of the State of Maryland. The court has been provided with exhibits that indicate the issues raised by the plaintiffs in this court have been, and are, being heard in the Maryland Courts. (*See* D.I. 24, exs. 1-4.) As discussed above, Dewayne filed a notice of appeal on June 19, 2013 with regard to the custody of his children. The appeal remains pending.

The court may raise the issue of *Younger* abstention sua sponte. *O'Neill v. City of Philadelphia*, 32 F.3d 785, n.1 (3d Cir. 1994). Because the Maryland State Court has not yet reached final resolution on the issues raised, this court must abstain by reason of the abstention doctrine as defined in *Younger v. Harris*, 401 U.S. 37 (1971).

Under the *Younger* abstention doctrine, a federal district court must abstain from hearing a federal case which may interfere with certain state proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971). In addition, under *Younger*, federal courts are prevented from enjoining pending state proceedings absent extraordinary circumstances.[3] *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 437 (1982). Abstention is appropriate when: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise the federal claims. *Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010). The doctrine applies to proceedings until all appellate remedies have been exhausted, unless the matter falls within

---

[3]The abstention doctrine as defined in *Younger v. Harris*, 401 U.S. 37 (1971), provides that federal courts are not to interfere with pending state criminal proceedings. The *Younger* doctrine has been extended to civil cases and state administrative proceedings. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982); *Huffman v. Pursue Ltd.*, 420 U.S. 592 (1975).

one of the *Younger* exceptions.[4] *Huffman v. Pursue Ltd.*, 420 U.S. 592, 608 (1975). Additionally, the state proceeding need not be ongoing at the time the federal complaint is before the court as long as the plaintiff had an adequate opportunity to resolve the federal issue in a state proceeding. *Huffman v. Pursue Ltd.*, 420 U.S. at 608.

The *Younger* elements have been met here and none of the its exceptions apply. In this case there is an ongoing state judicial proceeding and the guardianship/custody issue is on appeal before the Maryland Courts. As to the second factor, the State of Maryland has a substantial interest in the fair administration of child custody and parental rights proceedings. *See Moore v. Sims*, 442 U.S. 415, 427 (1979) (recognizing such an interest in child abuse cases). Finally, the state court proceedings provide the plaintiffs with an adequate opportunity to present their federal (i.e., due process) claims. *See e.g.*, *Al-Mansour v. Shraim*, 2012 WL 983785 (D. Md. Mar. 21, 2012) (Maryland state court has a strong interest in deciding issues regarding child support and can appropriately consider federal statutory or constitutional issues). Accordingly, pursuant to *Younger* and its progeny, the court must abstain. *See Pennzoil Co. v, Texaco*, Inc., 481 U.S. 1, 15 (1987) (stating that *Younger* abstention is favored even after the plaintiffs failed to raise their federal claims in the ongoing state proceedings).

Based upon the foregoing, under the *Younger* abstention doctrine, the court must abstain from exercising jurisdiction over the plaintiffs' claims regarding the care and guardianship/custody of their children.

---

[4]Exceptions to the *Younger* doctrine exist where irreparable injury is "both great and immediate," *Younger*, 401 U.S. at 46, where the state law is "flagrantly and patently violative of express constitutional prohibitions," *id.* at 53, or where there is a showing of "bad faith, harassment, or . . . other unusual circumstances that would call for equitable relief." *Id.* at 54.

## IV. CONCLUSION

For the above reasons, the court abstains from exercising jurisdiction and will dismiss the complaint pursuant to the *Younger* abstention doctrine. In addition, the court will deny as moot the motions for injunctive relief.

An appropriate order will be entered.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

Sept 5 , 2013
Wilmington, Delaware

6