IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEWAYNE WILLIAMS and ERICA WILLIAMS, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civ. Action No. 13-441-GMS ) |
| BRIAN SHOCKLEY, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM

## I. INTRODUCTION

The plaintiffs Dewayne ("Dewayne") and Erica ("Erica") Williams ("the plaintiffs"), filed

this lawsuit on March 18, 2013. (D.I. 2.) They appear *pro se* and were granted permission to

proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 6.) Pending before the court is

the plaintiffs' motion requesting time extension or motion to reopen time to file an appeal (D.I.

37.)

## II. BACKGROUND

This case involves the removal of the plaintiffs' children from the State of Delaware by

the Somerset County Department of Social Services for the State of Maryland, and the children's

placement in foster care in Somerset County, Maryland. The court screened the complaint and

its amendment and allowed the plaintiffs to proceed on due process claims. Shortly after filing

the original complaint, the plaintiffs filed an emergency motion for injunctive relief for the

immediate return of their children. (D.I. 7.) The motion was subsequently amended. (D.I. 14.)

When the court screened the complaint and amended complaint, it ordered the served defendants

to respond to the emergency motions for injunctive relief. (*See* D.I. 11, 18.) The defendants filed their opposition on August 29, 2013. (D.I. 24.)

On September 6, 2013, the court denied the emergency motion to release the children, abstained from exercising jurisdiction, and dismissed the action pursuant to the *Younger* abstention doctrine. (*See* D.I. 30, 31.) The memorandum and order were mailed to the plaintiffs' address of record the same day. A few days later, on September 10, 2013, the plaintiffs filed a reply to the defendants' opposition to the motion for emergency injunctive relief and an objection to a motion for the admission pro hac vice of Ann M. Sheridan. (*See* D.I. 23, 33.) Staff notes contained in the court docket, dated September 13, 2013, indicate that when the plaintiffs contacted the court on that date, the following took place:

> Plaintiff Dewayne Williams called asking [] the Court the status of his case and if the Court received DI # 33. The Clerk confirmed receipt of DI# 33 and asked Plaintiff if he had checked his Post Office Box for receipt of Order DI# 31. Plaintiff stated he had not been to check his box yet and asked the Clerk the nature of the Order. The Clerk stated that he would not read the Order to Plaintiff and that he needed to go pick up his copy ASAP.

On October 7, 2013, the plaintiffs sent a notice of appeal, dated October 1, 2013, to the District Court via UPS Ground, Tracking #1ZA694E20386411300. (D.I. 34, UPS tracking form.) The proof of delivery for the notice of appeal indicates that it was received by the court on October 8, 2013 and signed for by Clerk's Office personnel at 1:10 PM. The notice of appeal was docketed the day that it was received - October 8, 2018. On appeal, the case was assigned C.A. No. 13-4062.

On February 6, 2014, the United States Court of Appeals for the Third Circuit dismissed the appeal, C.A. No. 13-4062, for want of appellate jurisdiction. (*See* D.I. 36; *Williams v.*

2

*Shockley*, C.A. No. 13-4062 (3d Cir. Feb. 6, 2014)). The Court of Appeals found that the District

Court entered its order dismissing the action on September 6, 2013, but the Williamses did not

file their notice of appeal until October 8, 2013, which was after the expiration of the 30-day

period to appeal. (*Id.* quoting Fed. R. App. P. 25(a)(2)(A) ("Filing may be accomplished by mail

addressed to the clerk, but filing is not timely unless the clerk receives the papers within the time

fixed for filing.")). On June 5, 2014, the Court of Appeals denied the plaintiffs/appellants

petition for rehearing and petition for en banc rehearing. *See Williams v. Shockley*, C.A. No. 13-

4062 (3d Cir. June 4, 2014).

Following of the dismissal of the appeal, the plaintiffs sought rehearing in the Court of

Appeals and, during this time, they filed in the District Court the pending motion requesting an

extension of time to file a notice of appeal or to reopen the time to file an appeal. The pending

motion was filed in this Court on March 6, 2014. (D.I. 37.) Therein, the plaintiffs contend that

they were given "wrongful instructions" from the Clerk's Office "about filing a timely appeal."

(D.I. 37, ¶ 1.) The plaintiffs contend that they were incorrectly informed they had ninety days to

file an appeal. (*Id.*) The plaintiffs further contend that they were informed by the Court of

Appeals that the District Court Clerk's Office "held [the] appeal until 10/8/2013 before sending

it over to the U.S. Court of Appeals." (*Id.* at ¶ 2.) The plaintiffs argue that their appeal "would

have been honored" if the Clerk's Office "would of sent it over rather than holding it until

10/08/2013." (*Id.*)

### III. STANDARDS OF LAW

Pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A), the Court may grant the

plaintiffs' motion only if it was filed no later than thirty (30) days after the expiration of the time

3

originally prescribed by Rule 4(a)(1), and they show either excusable neglect or good cause.

Pursuant to Federal Rule of Appellate Procedure 4(a)(6), the district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied: (1) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry; (2) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and (3) the court finds that no party would be prejudiced. Fed. R. App. P. 4(a)(6)

## IV. DISCUSSION

The Federal Rules of Appellate Procedure require that a notice of appeal in a civil case be filed within 30 days after the order appealed from is entered on the district court's docket. *See* Fed. R. App. P. 4(a)(1)(A). Here, the Order denying the motion for injunctive relief and dismissing the complaint was entered on September 6, 2013 and the thirty days therefrom fell on Sunday, October 6, 2013. Hence, the plaintiffs were required to file their notice of appeal on or before October 7, 2013. *See* Fed. R. Civ. P. 6(a); Fed. App. P. 26(a). The record demonstrates that the notice of appeal was filed one day late. Contrary to the plaintiffs' assertions, the District Court Clerk's Office did not hold the notice of appeal, but docketed it the day it was received. Notably the Court of Appeals has determined that the notice of appeal was untimely.

In addition, Rule 4(a)(5)(A) provides that the plaintiffs were required to file the motion for extension of time to appeal the order no later than November 5, 2013. The plaintiffs did not do so and, therefore, the instant motion, filed on March 6, 2014, is untimely.

4

Because the plaintiffs filed their motion for an extension of time to file the appeal in an untimely manner, the court need not determine whether they showed excusable neglect or good cause for filing an untimely notice of appeal. *See* Fed. R. App. P. 4(a)(5)(A)(ii); *In re Diet Drugs Product Liability Litigation*, 401 F.3d 143, 153-54 (3d Cir. 2005). Regardless, the court finds that the plaintiffs failed to show (1) excusable neglect, as they chose to mail the September 2013 notice of appeal on the last day for the notice to be filed, or (2) good cause, as the delay was in their control. *See Hayes v. Genesis Health Ventures*, 248 F. App'x 475, 476-77 (3d Cir. 2007) (unpublished) (affirming district court order denying Appellate Rule 4(a)(5) motion on similar grounds). The court finds unavailing the plaintiffs' claims that the Clerk's Office informed them they had ninety days to file an appeal and that the Clerk's Office held the notice of appeal and did not file it until two days after it was received. As discussed above, UPS proof of delivery indicates that the notice of appeal was not delivered to the District Court until October 8, 2013. Finally, the Appellate Rules of Procedures which incorporate the "mailbox rule"[1] and afford extra time to incarcerated parties do not apply here, as the plaintiffs are not incarcerated. *See, e.g.*, Fed. R. App. P. 4(c), 25(a)(2)(C). Based upon the foregoing, the court concludes that the plaintiffs failed to timely file the motion for an extension of time to file an appeal.

Nor have the plaintiffs' met all requisites of Fed. R. App. P. 4(a)(6) to reopen the time to file an appeal. Notably, the plaintiffs do not claim that they did not receive notice of the order they seek to appeal. Indeed, the court docket reflects that it was mailed to their address of record and that court personnel advised them by telephone that an order had been entered and to check

---

[1]For incarcerated inmates the "mailbox rule" deems that a notice, pleading, or complaint is filed as of the date it is delivered to prison officials for mailing to the court. *See e.g.*, *Houston v. Lack*, 487 U.S. 266 (1988)

5

their mail. In addition, Rule 4(a)(6) requires that a motion to reopen the time to file an appeal

must be filed within 180 days after the judgment or order is entered or within 14 days after the

moving party receives notice pursuant to Fed. R. Civ. P. 77(d), whichever is earlier. Again, the

record reflects that the order appealed from was mailed to the plaintiffs on September 6, 2013.

Clearly more than fourteen days have past since the plaintiffs received notice. In addition, more

than 180 days passed from entry of the order and the motion to reopen the time to appeal was

filed. To meet the 180 day requirement, the motion was required to have been filed on or before

March 5, 2014. The instant motion was filed on March 6, 2014. Finally, the court finds no

prejudice, given that the matter is being heard by the Maryland State Court. The plaintiffs cannot

satisfy the criteria for reopening the time to file an appeal under Rule 4(a)(6) and, therefore, the

court will deny their motion.

## V. CONCLUSION

For the above reasons, the court will deny the plaintiffs' motion requesting time extension

or motion to reopen time to file an appeal. (D.I. 37.) An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

_June 16_, 2014
Wilmington, Delaware

6